**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| SHILIN JIANG, | Case №. 2:19-cv-00482-ODW (AFMx) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS [56]** |
| v. | |
| DA ZI CHEN et al. | |
| Defendants. | |

Before the Court is Plaintiff Shilin Jiang's Motion to Dismiss ("Motion") his complaint. (Pl.'s Mot. to Dismiss ("Mot"), ECF No. 56.) Having considered the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the hearing on May 4, 2020, at 1:30 p.m.

Plaintiff initiated this action against Defendants Da Zi Chen, the City of San Gabriel, Officer Mike Messropian, Officer Oleg Zhivaga, and Officer Gabino Banuelos based on federal question jurisdiction, asserting several claims under 42 U.S.C. §§ 1983 and 1985, as well as various state law claims. (*See* Compl., ECF No. 1.) On June 18, 2019, the Court dismissed Defendants Messropian and Banuelos with prejudice, pursuant to the stipulation of the parties. (Order re Dismissal of Various Claims and Defs., ECF No. 21.) On April 2, 2020, the Court dismissed Defendants City of San

Gabriel and Zhivaga with prejudice, also pursuant to the stipulation of the parties. (Order, ECF No. 51.)  As a result of these dismissals, only Plaintiff's state law causes of action against Defendant Chen remain.  Plaintiff now moves to dismiss his complaint and asks the Court to either maintain supplemental jurisdiction over the remaining state law claims against Defendant Chen or dismiss the state-law claims without prejudice. (Mot. 2.)

Plaintiff filed his Motion on April 6, 2020, and set the hearing for May 4, 2020. (*See* Mot.)  This hearing date required Defendant Chen to file any opposition no later than April 13, 2020.  *See* C.D. Cal. L.R. 7-9.  To date, Defendant Chen, who is proceeding pro se, has not filed an opposition.

Local Rule 7-9 requires an opposing party to file an opposition to a motion not later than twenty-one days before the designated hearing date.  C.D. Cal. L.R. 7-9.  A party that does not file an opposition may be deemed to consent to the granting of the motion.  C.D. Cal. L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on failure to oppose motion as required by local rules).  Before granting a motion to dismiss, the court must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53.  A court is not required to consider these factors explicitly.  *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJWx), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012).  In *Ghazali*, these factors were satisfied where the plaintiff received notice of the motion and had "ample opportunity to respond."  *Id.*; *see Ghazali*, 46 F.3d at 54.

Here, the motion hearing was scheduled for May 4, 2020.  Therefore, Defendant Chen's opposition papers were due on April 13, 2020.  Plaintiff's counsel spoke with Defendant Chen and his wife via telephone regarding the motion.  (*See* Decl. of T. Yu, ECF No. 56-1.)  Also, Plaintiff provided notice of the motion to Defendant Chen via United States mail.  (*See* Proof of Service, ECF No. 56.)  Thus, Defendant Chen had

notice of the Motion and opportunity to respond.  Now, two weeks beyond Defendant Chen's deadline to oppose, he has not filed an opposition, timely or otherwise. Accordingly, the Court deems Defendant Chen's failure to oppose consent to granting the Motion.

Further, a district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  Here, all federal claims have been dismissed and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Dismiss, and **DISMISSES** Plaintiff's remaining state law claims against Defendant Chen **without prejudice**.  (ECF No. 56.)  As no claims remain against any Defendant, the Court **VACATES** all dates and deadlines.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

April 27, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**